John M. Kim (Bar No. 188997)
jkim@ipla.com
Joshua J. Richman (Bar No. 243147)
jrichman@ipla.com
**IP LEGAL ADVISORS, P.C.**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
Tel: (858) 272-0220
Fax: (858) 272-0221

Attorneys for Plaintiff
California Board Sports, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| California Board Sports, Inc., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Rue21, Inc., a Delaware Corporation,<br><br>Defendant. | Case No.: **'12CV2926 BTM JMA**<br><br>**COMPLAINT FOR:**<br>**I.   Trade Dress Infringement and False Designation of Origin** [15 U.S.C. §1125(a)]<br>**II.  Common Law Unfair Competition and Trade Dress Infringement**<br>**III. State Unfair Competition** [Cal. Bus. & Prof. Code §17200]<br>**IV.  Unjust Enrichment**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff California Board Sports, Inc. ("Plaintiff") alleges as follows:

## NATURE OF ACTION

1. This action seeks damages and injunctive relief for Defendant Rue21, Inc.'s ("Defendant") misappropriation of Plaintiff's distinctive and well recognized trade dress in its shoe designs.

## PARTIES

2. Plaintiff is a corporation organized and existing under the laws of the State of

-1-   Case No.
COMPLAINT

California, with its principal place of business in San Diego County, California.

3. Plaintiff is informed, believes and on that basis alleges that Defendant is a publicly-traded corporation organized and existing under the laws of the State of Delaware.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 15 U.S.C. §1121 (action arising under the Lanham Act) and 28 U.S.C. § 1331 (federal question). As to claims arising under state law, this court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

5. This Court has personal jurisdiction over Defendant because the company has sold and currently sells shoes within this Judicial District and have therefore purposely availed themselves of the laws of this Judicial District. According to the Defendant's website (www.rue21.com), Defendant has brick and mortar stores located in the cities of Santee, Escondido and Oceanside – all of which lie within this Judicial District.

6. Venue is proper within this Judicial District under 28 U.S.C. §1391 because Defendant transacts business within this Judicial District and, on information and belief, offers its infringing footwear products for sale in this Judicial District.

## FACTUAL BACKGROUND

7. Since 1994, Plaintiff has marketed and sold casual and performance footwear under the trademark OSIRIS®. OSIRIS® branded shoes are marketed and sold throughout the United States and around the world online and in brick and mortar stores. The brand has enjoyed tremendous success in its nearly two decades in existence. Consumers can buy OSIRIS® shoes at popular stores including Zumiez, Journeys, Amazon.com and Zappos.com.

8. Plaintiff's shoe that forms the subject of this Complaint is its "NYC 83" model, which has been continuously sold in the United States since 2007. The NYC 83 contains innovative and distinctive design features that have helped make it Plaintiff's most popular and best-selling shoe. The NYC 83 accounts for a large portion of the company's annual revenue. In fact, the shoe's popularity was recently acknowledged in a television interview that aired on the Fox Business network.

////

**PLAINTIFF'S DISTINCTIVE TRADE DRESS**

9. Plaintiff's NYC 83 shoe is depicted below:



10. The NYC 83 is a casual skateboarding shoe with unique and distinctive design characteristics that are non-functional and serve to identify Plaintiff as the source of the shoe. The distinctive design characteristics include, but are not limited to, the following:

   a. its overall shape and design;
   b. the placement, arrangement, size and spacing of perforations on the side panels, vamp and collar window;
   c. the texture on the side panels, vamp and collar window;
   d. the texture pattern on the side panels, vamp, collar window and eyestays;

-3-                     Case No.
COMPLAINT

   e. the stitching placement on the side panels, vamp, collar window and heel overlay;

   f. the placement, arrangement and size of the ankle strap;

   g. the placement, arrangement and size of the check back;

   h. the placement, arrangement and size of the side stripes;

   i. the placement, arrangement and size of the speed lace;

   j. the placement, arrangement and size of the eyestay design;

   k. the placement, arrangement and size of the heel overlay;

   l. the placement, arrangement and size of the lace loop; and

   m. the unique and artistic selection, arrangement, coordination and combination of colors.

11. Each of these unique design elements serves to identify Plaintiff as the source of the NYC 83 (hereafter, the "Distinctive Trade Dress").

12. The arrangement and combination of the aforementioned design elements, and purposeful choice of colors, is non-functional and well recognized by the consuming public as originating from Plaintiff.

13. CBSI has sold over 700,000 pairs of NYC 83 model shoes in the United States alone and over 300,000 pairs outside the United States since the shoes were first offered in 2007.

14. The NYC 83 has been extensively advertised throughout the United States, North America, and the world and Plaintiff has invested considerable resources into promoting the NYC 83 through its marketing channels. The shoes are also worn and promoted by some of the world's top action sports athletes.

**DEFENDANT'S INFRINGING PRODUCT**

15. Defendant offers the following shoe for sale in the United States, which it calls "Carbon Elements." The Carbon Elements shoe is virtually identical to Plaintiff's NYC 83. Defendant's infringing Carbon Elements shoe is depicted below.

////

////



16.     Defendant's Carbon Elements shoe shares nearly every facet in common with Plaintiff's NYC 83, including:

    a. its overall shape and design;

    b. the placement, arrangement, size and spacing of perforations on the side panels, vamp and collar window;

    c. the placement of texture on the side panels, vamp and collar window;

    d. the use of exact texture pattern on the side panels, vamp, collar window and eyestays;

    e. the use of exact stitching placement on the side panels, vamp, collar window

and heel overlay;

f. the use of exact placement, arrangement and size of the ankle strap;

g. the use of exact placement, arrangement and size of the check back;

h. the use of exact placement, arrangement and size of the side stripes;

i. the use of exact placement, arrangement and size of the speed lace;

j. the use of exact placement, arrangement and size of the eyestay design;

k. the use of exact placement, arrangement and size of the heel overlay;

l. the use of exact placement, arrangement and size of the lace loop; and

m. the selection, arrangement, coordination and combination of colors.

17. Below is a side by side comparison of the two shoes at issue:



-6-

COMPLAINT





18. Defendant's continued use of nearly identical trade dress is likely to cause confusion, mistake, or deception because consumers looking to purchase Plaintiff's NYC 83 shoe may mistakenly purchase Defendant's Carbon Elements shoe assuming the products are in some way sponsored, endorsed, approved by, or connected with Plaintiff and the OSIRIS® brand, when in fact they are not.

19. Upon information and belief, Defendant has performed the aforesaid acts in bad faith and with fraudulent purpose to illegally profit from the extensive goodwill that Plaintiff has built in its NYC 83 shoe.

## FIRST CAUSE OF ACTION

## Trade Dress Infringement and False Designation of Origin

## [15 U.S.C. §1125(a)]

20. Plaintiff incorporates and re-alleges by reference all of the allegations in paragraphs 1 through 19 as if fully set forth herein.

21. Plaintiff is the owner of all right, title and interest in the Distinctive Trade Dress, which is inherently distinctive or has acquired secondary meaning in the minds of consumers through extensive advertising, sales and recognition by consumers.

22. The Distinctive Trade Dress is source identifying and not functional.

23. Plaintiff's extensive promotion of its Distinctive Trade Dress has resulted in the acquisition of valuable, legally protected rights and considerable customer goodwill.

24. Defendant's Carbon Elements shoe misappropriates Plaintiff's Distinctive Trade Dress by mimicking a substantial number of its design elements.

25. Defendant's manufacture, distribution, and sale of its "Carbon Elements" shoe is likely to cause confusion, mistake, or deceive consumers as to an affiliation, connection or association between Defendant and Plaintiff or to the origin, sponsorship, or approval by Plaintiff of Defendant's goods and/or commercial activity.

26. Defendant's manufacture, distribution, and sale of its "Carbon Elements" shoe with overall design, appearance, and construction features that mimic a combination of several elements of the Distinctive Trade Dress enable Defendant to benefit and profit unfairly from

Plaintiff's reputation and success, thereby giving Defendant's infringing products sales and commercial value it would not otherwise have.

27. Defendant's actions constitute unfair competition and false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

28. On information and belief, Defendant knew of Plaintiff's Distinctive Trade Dress when it designed its "Carbon Elements" shoe. Accordingly, Defendant's infringement has been and continues to be intentional, willful, and without regard to Plaintiff's Distinctive Trade Dress.

29. Plaintiff has been and will continue to be irreparably harmed and damaged by Defendant's conduct, and Plaintiff lacks an adequate legal remedy at law to compensate for this harm and damage.

30. Plaintiff is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its infringement of the Distinctive Trade Dress.

31. CBSI has also sustained damages as a direct and proximate result of Rue 21's infringement of the NYC 83 Trade Dress in an amount to be proven at trial.

32. Because Defendant's actions have been willful, Plaintiff is entitled to treble its actual damages or Defendant's profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## SECOND CAUSE OF ACTION

### Common Law Unfair Competition and Trade Dress Infringement

33. Plaintiff incorporates and re-alleges by reference all of the allegations in paragraphs 1 through 32 as if fully set forth herein.

34. Defendant's conduct alleged herein constitutes common law unfair competition and infringement of the Distinctive Trade Dress and is causing, and unless enjoined by this Court, will continue to cause a likelihood of confusion and deception among members of the consuming public and/or the trade and moreover, injury to Plaintiff's goodwill and reputation as symbolized by the Distinctive Trade Dress, for which Plaintiff has no adequate remedy at law.

35. Due to Defendant's acts, Plaintiff has been damaged in an amount not yet determined or ascertainable. At minimum, however, Plaintiff is entitled to injunctive relief, as

well an accounting of Defendant's profits, damages, and costs.

36. Plaintiff is entitled to punitive damages because Defendant's infringement of Plaintiff's rights – including, but not limited to the continued unauthorized use of confusing similar imitations of the Distinctive Trade Dress – has been willful, fraudulent, and malicious.

## THIRD CAUSE OF ACTION

### State Unfair Competition

### [Cal. Bus. and Prof. Code §17200, et seq.]

37. Plaintiff incorporates and re-alleges by reference all of the allegations in paragraphs 1 through 36 as if fully set forth herein.

38. The Distinctive Trade Dress serves to identify Plaintiff as the source of its NYC83 shoe.

39. Defendant's Carbon Elements is infringing Plaintiff's Distinctive Trade Dress because it is likely to cause confusion as to the source of the parties' products and is likely to cause others to become confused or mistaken into believing that there is a relationship between Defendant and Plaintiff or that Defendant's products are affiliated with or sponsored by Plaintiff.

40. Defendant's actions are unfair, unlawful, fraudulent, unconscionable, deceptive, immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to Plaintiff, and are likely to mislead or create the likelihood of deception, and therefore constitute an unfair, unlawful and/or fraudulent business practices in violation of California Business & Professions Code § 17200, et seq.

41. Plaintiff has been damaged by Defendant's unfair, unlawful, fraudulent and deceptive acts in an amount to be proved at trial.

42. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer irreparable damage to its business, reputation, and customer goodwill, unless such activity is enjoined by this Court. Plaintiff has no adequate remedy at law for Defendant's continuing violation of Plaintiff's rights.

43. Because Defendant's conduct is causing and is likely to continue to cause injury to the public, to the trade, and to Plaintiff, Plaintiff is entitled to injunctive relief.

44. Defendant willfully engaged in the aforementioned unfair and deceptive acts or practices, and therefore, Plaintiff is entitled to reasonable attorneys' fees and any other restitutionary relief the Court deems appropriate.

## FOURTH CAUSE OF ACTION

### Unjust Enrichment

45. Plaintiff incorporates and re-alleges by reference all of the allegations in paragraphs 1 through 44 as if fully set forth herein.

46. Defendant has received the benefits of the Distinctive Trade Dress without compensating Plaintiff.

47. Defendant has received such benefits unfairly.

48. By reason of the foregoing, Defendant unjustly was enriched, and continues to be enriched unjustly, in an unknown amount, and Plaintiff is entitled to restitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief, as follows:

A. A judgment that Defendant has infringed Plaintiff's Distinctive Trade Dress rights;

B. an order and judgment preliminarily and permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing the Distinctive Trade Dress or any of Plaintiff's other trade dresses, or using any other product design or designations similar to or likely to cause confusion with the Distinctive Trade Dress or any of Plaintiff's other trade dresses and from passing off Defendant's products as being associated with and/or sponsored or affiliated with Plaintiff;

C. actual damages suffered by Plaintiff as a result of Defendant's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

D. reasonable funds for future corrective advertising;

E. an accounting of Defendant's profits pursuant to 15 U.S.C. § 1117;

F. a judgment trebling any damages award pursuant to 15 U.S.C. § 1117;

G. restitutionary relief against Defendant and in favor of Plaintiff, including disgorgement of wrongfully obtained profits and any other appropriate relief;

H. costs of suit and reasonable attorneys' fees; and

I. any other remedy to which Plaintiff may be entitled, including all remedies provided for in 15 U.S.C. § 1117 and under any other federal or state law.

Dated: December 10, 2012

        IP LEGAL ADVISORS, P.C.
By

s/Joshua J. Richman
_____
John M. Kim
Joshua J. Richman
Attorneys for Plaintiff
California Board Sports, Inc.

-12-     Case No.
COMPLAINT

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants demand a trial by jury.

Dated: December 10, 2012

                                     IP LEGAL ADVISORS, P.C.
                                     By

                                     s/Joshua J. Richman
                                     _____
                                     John M. Kim
                                     Joshua J. Richman
                                     Attorneys For Plaintiff
                                     California Board Sports, Inc.